UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SHEFFEY,<br><br>              Petitioner,<br>     v.<br><br>WILLIAM HUTCHINGS, et al.,<br><br>              Respondents. | Case No. 2:21-cv-01341-APG-VCF<br><br>**ORDER**<br><br>(ECF Nos. 1, 1-1, 1-2.) |

  Petitioner Ronald Sheffey, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. He also filed an application to proceed *in forma pauperis* (ECF No. 1) and a motion for appointment of counsel (ECF No. 1-2). I conclude that Sheffey cannot pay the $5.00 filing fee so I will grant his *in forma pauperis* application.

  Habeas Rule 4[1] requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

  Sheffey challenges a conviction and sentence by the Eighth Judicial District Court for Clark County. *State of Nevada v. Ronald Sheffey*, Case No. C-17-320922-1.[2] On August 21, 2017, the state district sentenced Sheffey to a term of 12-to-48 months for one count of trafficking in a controlled substance. Sheffey voluntarily withdrew his direct appeal. He filed a state habeas petition and, following an evidentiary hearing, the district court denied his habeas petition. Sheffey appealed and on February 8, 2021, the Nevada Court of Appeals affirmed the

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

district court's denial of the petition.

On July 14, 2021, Sheffey initiated this federal habeas corpus proceeding. ECF No. 1-1. I will direct service of the petition and a response.

Turning to Sheffey's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

When a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *LaMere*, 827 F.2d at 626. The petition in this case appears sufficiently clear in presenting the issues that Sheffey wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the court's instructions to resolve the filing fee. I appreciate that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. But Sheffey has made no showing as to why denial of counsel would amount to a denial of due process. I therefore deny the motion.

I THEREFORE ORDER:

1. Petitioner Ronald Sheffey's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.
2. Petitioner Ronald Sheffey's Motion for Appointment of Counsel (ECF No. 1-2) is DENIED.
3. The Clerk of Court is directed to file the petition (ECF No. 1-1).

4. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for the respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.  The respondents' counsel must enter a notice of appearance by **September 10, 2021**.

5. The respondents will have until **October 19, 2021** to answer or otherwise respond to the petition.

6. If the respondents file an answer to the petition, Sheffey may file a reply within **60 days** from the date the answer is filed and served.  If the respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

7. Any procedural defenses the respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver. The respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

8. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. The respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

10. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: August 17, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE